416 F.2d 313
 Ella GRAY, individually and as Administratrix of the Estate of Leo Gray, Plaintiff-Appellant,
v.
INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL NO. 51, and International Association of Heat and Frost Insulators and Asbestos Workers and North Brothers, Inc., Defendants-Appellees.
 No. 18858.
 United States Court of Appeals Sixth Circuit.
 September 30, 1969.
 
 E. Gerry Barker, Robert L. Durning, Jr., Louisville, Ky., for appellant on the brief; Woodson, Barker & Durning, Louisville, Ky., of counsel.
 Louis Sherman, Thomas X. Dunn, Washington, D. C., for International Assn. on the brief.
 Herbert L. Segal and Charles R. Isenberg, Louisville, Ky., for Local No. 51 on the brief.
 Thomas W. Speckman, Clay L. Morton, Marshall, Cochran, Heyburn & Wells, Louisville, Ky., for North Brothers, Inc. on the brief.
 Before PECK, McCREE and COMBS, Circuit Judges.
 McCREE, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court dismissing with prejudice an action against plaintiff's decedent's international and local unions and against a company where he had sought employment. The questions presented are: whether the suit against North Brothers, Inc., hereinafter referred to as North Brothers, should be dismissed because of appellant's failure to state a claim upon which relief can be granted; whether the District Court properly granted the motion of the International Association of Heat and Frost Insulators and Asbestos Workers, hereinafter referred to as the International Union, to dismiss it from appellant's action for lack of jurisdiction; and whether the period prescribed by the law of Kentucky for bringing an action based on a liability created by statute is applicable and bars any recovery against Local 51 of the International Union, hereinafter referred to as Local 51.
 
 
 2
 Leo Gray, appellant's deceased husband, was a member of Local 51 at all times relevant to this appeal. Early in 1960, while he was residing in Freeport, Texas, he wrote several letters to Mr. Elmore, the business agent of Local 51, at the union's principal office in Louisville, Kentucky and informed him that he was returning to Kentucky to obtain work. Having received no response, Gray communicated with North Brothers, which he knew had contracted for a construction job in Lexington, Kentucky and was told that work would be available in mid-April, 1960. At North Brothers' suggestion, he then telephoned Mr. Elmore and was instructed to go to Lexington.
 
 
 3
 Gray, who was classified as a "mechanic",[1] arrived in Lexington in April, but failed to obtain a job from North Brothers. He complained to Local 51 when he learned that the company had hired an "improver" in apparent violation of a provision of the collective bargaining agreement requiring the maintenance of a minimum ratio between mechanics and improvers. However, Elmore told him that he was unable to help him. By the end of July, 1960, when Gray had still not obtained a job in Lexington, he returned to Texas and commenced employment there. At no time thereafter did he return to Kentucky.
 
 
 4
 On October 10, 1966, over six years later, appellant filed her complaint seeking damages. As subsequently amended pursuant to an order of the District Court, it alleges that Local 51 breached both its statutory duty as Gray's bargaining representative and its contractual duty under the terms of its constitution by failing to assist Gray in his attempt to obtain employment with North Brothers, and that the International Union wrongfully and knowingly acquiesced in this breach. The complaint also alleges that North Brothers breached its collective bargaining agreement with Local 51 by refusing to hire Gray. The District Court held that the action is barred by the applicable statute of limitations and dismissed it with prejudice. The court had previously dismissed the International Union because of insufficient service of process on it. This appeal followed.
 
 
 5
 We affirm the dismissal of appellant's suit against North Brothers because it appears on the face of the complaint, when read with the collective bargaining agreement between Local 51 and North Brothers, that she has failed to state a claim upon which relief can be granted. Her complaint alleges that North Brothers violated the agreement by refusing to hire Gray. She contends that because the company had hired an improver it was required to hire more mechanics in order to maintain the requisite minimum ratio between employees of those classifications. But even if North Brothers had hired an improver in violation of the contract (which it denies), plaintiff's decedent had no legal right under the agreement to be hired to replace him. The terms of the collective bargaining agreement did not require the hiring of any particular mechanics and even mechanics who were not union members were eligible for employment. This appears to be what the District Court meant when it concluded:
 
 
 6
 The plaintiff's claim against North Brothers is based on its breach of the above collective bargaining agreement. However, since the plaintiff's decedent was never employed by North Brothers during the times herein complained of, he must swing his action against North Brothers on the union's breach of its statutory duty to fairly represent him, and not in contract. (emphasis added).
 
 
 7
 Appellant also contends that the District Judge erred when he granted the International Union's motion to dismiss it from this action on the ground that it had not been properly served with process. Appellant argues that service on Local 51's business agent, which is undisputed, was sufficient because the Local is merely an agency of the International Union. She claims that this relationship is established by the International's constitution and bylaws. We do not agree. The provisions relied on by appellant fall far short of those present in Claycraft Co. v. United Mine Workers of America, 204 F.2d 600 (6th Cir. 1953). For this reason, and on the basis of the International General President's affidavit submitted in support of the motion, we hold that the trial judge's action was correct. Axel Newman Heating and Plumbing Co. v. Sheet Metal Workers Local 76, 37 LRRM 2038 (D.C. Minn.1955).[2]
 
 
 8
 Finally, we agree with the District Judge that since the Labor Management Relations Act provides no specific period of limitations for the institution of unfair representation actions, timeliness should be determined by reference to the appropriate state limitation on similar suits. See International Union, United Auto Workers etc. v. Hoosier Cardinal Corp., 383 U.S. 696, 705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Accordingly, we hold that he correctly concluded that the five year Kentucky limitation on actions based upon liabilities created by statute is applicable to the claim that Local 51 breached its statutory duty of fair representation[3] and that appellant's recovery on his claim is barred. K.R.S. § 413.120(2).
 
 
 9
 Even if this phase of the action were not barred by the statute of limitation, appellant could not recover for breach of the statutory duty of fair representation. Gray was not one of the persons to whom that duty was owed. The statutory obligation arose out of the exclusive powers granted to the representative designated by the majority of a bargaining unit by the Labor Management Relations Act, 29 U.S.C. § 159. As the Supreme Court stated in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L. Ed.2d 842 (1967):
 
 
 10
 Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any * * *. 386 U.S. at 177, 87 S.Ct. at 910.
 
 
 11
 Gray was not a member of any bargaining unit represented by Local 51 during the time in question and he therefore is not one of the class intended to be protected. See generally 50 Am.Jur. Statutes § 587 (1944).
 
 
 12
 Appellant's complaint also alleges, however, that Local 51 breached the duty imposed by its constitution to use all legal means to secure employment for its members. Whatever may be the merits of this contention, it is clearly not based on a duty created by statute and we therefore hold that the District Court improperly applied K.R.S. § 413.120(2) to bar appellant's recovery on this part of her complaint.
 
 
 13
 Appellee contends that appellant cannot recover on this claim because Gray did not attempt to employ the internal remedial procedures established by Local 51's constitution. Appellant does not admit this fact, however, and the District Judge did not make any finding in this respect. This contention can be considered on remand.
 
 
 14
 The dismissal of North Brothers and the International Union is affirmed. The dismissal of Local 51 is reversed and the case is remanded to the District Court for consideration of the claim based on Local 51's constitution and for such further proceedings as it deems appropriate.
 
 
 
 Notes:
 
 
 [1]
 Local 51's constitution provides for two types of membership: skilled insulators are classified "mechanics" and learners or apprentices are classified "improvers"
 
 
 [2]
 Appellant's contention that Local 51's business agent is personally the agent of the International Union is also without merit
 
 
 [3]
 See, e.g., Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)