**Charles WENTZ and V.I.P. Electric, Inc., Appellants,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and International Brotherhood of Electrical Workers Local No. 1525, Appellees.**

No. 78–1029.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1978.

Decided June 29, 1978.

Kenneth Cobb, Lincoln, Neb., for appellants; Robert A. Barlow of Barlow, Johnson, DeMars & Flodman, Lincoln, Neb., on the brief.

David D. Weinberg of Weinberg & Weinberg, Omaha, Neb., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HENLEY, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Charles Wentz and V.I.P. Electric, Inc.,[1] seek to recover damages against International Brotherhood of Electrical Workers, hereinafter called International, and International Brotherhood of Electrical Workers Local No. 1525, hereinafter called Local 1525, for serious injuries allegedly caused union member Wentz by the union's failure to enforce reasonably safe working conditions. It is alleged that defendants, over plaintiffs' protest, permitted V.I.P. Electric

1. V.I.P. Electric, Inc., Wentz's employer, is made a party plaintiff because it seeks by subrogation to recover payments made to Wentz under the Nebraska workmen's compensation law. Since we find summary judgment was properly granted dismissing the claim against International, V.I.P. Electric, Inc., has acquired no rights against the International and its claim will not be further discussed in this opinion.

to use defective equipment which caused plaintiff to fall against a live wire.

International filed a motion to dismiss plaintiffs' amended complaint on the ground that it did not state a cause of action against it, or alternatively for summary judgment upon the basis that there was no genuine issue of material fact to support plaintiffs' claim against International. International's basic claim is that it cannot be held liable for acts of Local 1525 which it has not authorized or ratified.

On October 19, 1976, the trial court (Judge Urbom) entered an order to the effect that the motion would be treated as one for summary judgment. The parties were given twelve days to present affidavits, documents and requests for oral testimony.

International's motion was submitted on depositions, affidavits and briefs. The court granted International's motion for summary judgment and dismissed the complaint against International. Pursuant to Rule 54(b), Fed.R.Civ.P., the court found that there was no just reason for delay and directed entry of final judgment in favor of International.[2]

Wentz has taken a timely appeal from the final judgment entered against him in favor of International. This court has jurisdiction under 28 U.S.C. § 1291. V.I.P. Electric has not appealed.

The basic issue presented by this appeal is whether the record conclusively establishes as a matter of law that plaintiffs have no cause of action against International.

Judge Urbom in an unreported memorandum opinion states:

It is clear that the plaintiffs do not claim that any representative of the International actually did anything or was required to do anything with respect to the conditions under which the plaintiff Wentz worked. The International apparently did play some role in determining certain safety provisions of the collective bargaining agreement, but this has no connection with the discriminatory or bad faith conduct which allegedly caused the plaintiff Wentz' injuries. The plaintiffs' theory is that the International exercises such control over the Local that the acts of the Local are attributable to the International. While the power of the International over the affairs of the Local is considerable, it is no more pervasive than typically has been involved in cases in which it has been held that locals and national or international unions are separate entities. See *United Mine Workers v. Coronado Coal Co.*, 259 U.S. 344 [42 S.Ct. 570, 66 L.Ed. 975] (1922); *Gray v. International Assoc. of Heat Insulators, Local 51*, 416 F.2d 313 (C.A. 6th Cir. 1969); *DiGiorgio Fruit Corp. v. NLRB* [89 U.S.App.D.C. 155], 191 F.2d 642 (C.A.D.C. Cir. 1951).

In our recent case of *Highway & City Freight Drivers, Dockmen and Helpers, Local Union No. 600, v. Gordon Transports, Inc.*, 576 F.2d 1285 (8th Cir. 1978), we held that a local union has adequately autonomous existence to allow it to file a voluntary petition in bankruptcy. In support thereof we noted that *United Mine Workers v. Coronado Coal Co.*, 259 U.S. 344, 392, 42 S.Ct. 570, 66 L.Ed. 975 (1922), recognized that unions "are, as has been abundantly shown, associations existing under the laws of the United States, of the Territories thereof, and of the States of the Union." At 1287. This court further held: "In *Coronado Coal* the Supreme Court held that unincorporated labor unions such as the United Mine Workers were distinct entities suable in federal court." At 1288. Support for such position is also pointed out in *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). Local 1525 and International are separate and distinct entities.

The collective bargaining contract which contains the union's obligation to protect the safety of its employees was entered into

---

2. Local 1525 also moved to dismiss the complaint. Such motion was denied. The validity of such ruling is not before us on appeal.

by Local 1525 and V.I.P. Electric. The International is not a party to such contract.

Complaints raising the lack of safety features of V.I.P. Electric's equipment were made to local officials only. As found by the trial court, there is no support for any claim that safety complaints were made to the International. No International representative participated in the incident leading to the unfortunate accident.

Under the undisputed facts shown by the record, Local 1525 as the exclusive bargaining agent for its employees is the party responsible for enforcing the safety provisions of its contract with the employer.

In *Kuhn v. National Association of Letter Carriers*, 528 F.2d 767, 770 (8th Cir. 1976), this court held:

> [T]he record shows conclusively that the National Association was under no duty, either statutory or contractual, to Kuhn. It played no part whatsoever in advising or consulting with Kuhn with respect to the grievance and was in no way responsible for the failure, if any, of Branch 5 to properly present Kuhn's case at the informal appearance before the postal authorities or in failing to file a notice of appeal within the appropriate time limits.

Under ordinary rules of agency, International is not liable for acts of Local 1525 which it has not authorized or ratified. In our present case the record establishes without dispute that Wentz never made safety complaints to any International official or representative, nor did any International official or agent participate in the negotiations or enforcement of the collective bargaining agreement.

The judgment dismissing the complaint against International is affirmed.