**Raymond R. GALLAGHER, Plaintiff-Appellant,**

v.

**CHRYSLER CORPORATION, Defendant-Appellee.**

No. 77–1327.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1979.

Decided Jan. 22, 1980.

Robert J. Dinges, Glotta, Adelman, Dinges, Davis, Middleton, Riley & Murphy, Detroit, Mich., for plaintiff-appellant.

William S. Hurst, Keith A. Jenkins, Detroit, Mich., for defendant-appellee.

Before CELEBREZZE and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

HARRY PHILLIPS, Senior Circuit Judge.

This appeal presents the question of which Michigan statute of limitations applies to an action filed by appellant, a for-

mer employee of the Chrysler Corporation, against his employer and his Union under § 301 of the Labor Management Relations Act of 1947 [LMRA], 29 U.S.C. § 185. Appellant was discharged by Chrysler on December 6, 1971, for bringing a revolver into the Chrysler plant in violation of company rules. The Union filed a grievance, but dismissed it before reaching binding arbitration.

This suit was filed on February 13, 1976, some four years and two months after the discharge and some three years and seven months after the Union withdrew appellant's grievance at the third step in the grievance procedure prescribed in the collective bargaining agreement between Chrysler and the Union. The stated reason for the Union's action was that appellant was aware of the Chrysler rule against bringing firearms into the plant, that Chrysler's policy was to discharge employees for violation of the rule and that the policy of the employer had been upheld by numerous arbitration decisions. The complaint charged that appellant was discharged by Chrysler without good cause and that the Union failed to represent appellant fairly, honestly and in good faith. The district court dismissed the action as barred as against both Chrysler and the Union by the three year statute of limitations.[1] The present appeal is only as to the action against Chrysler. Appellant contends that the Michigan six year statute of limitations[2] is applicable to his suit against Chrysler.

We affirm on the authority of *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir. 1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979); and *Glowacki v. Motor Wheel Corp.,* 67 Mich.App. 448, 241 N.W.2d 240 (1976).

Appellant contends that even if the action against the Union is barred by the three year statute, the six year statute applies to the suit against Chrysler, since it is based on breach of contract.

In *Vaca v. Sipes, supra,* the Supreme Court recognized the inherent difficulties raised by the application of multiple statutes of limitations in an action against an employer and a union under LMRA, saying:

> Assuming for the moment that Swift breached the collective bargaining agreement in discharging Owens and that the Union breached its duty in handling Owens' grievance, this case illustrates the difficulties that would result from a rule pre-empting the courts from remedying the Union's breach of duty. If Swift did not "participate" in the Union's unfair labor practice, the Board would have no jurisdiction to remedy Swift's breach of contract. Yet a court might be equally unable to give Owens full relief in a § 301 suit against Swift. Should the court award damages against Swift for Owens' full loss, even if it concludes that part of that loss was caused by the Union's breach of duty? Or should it award Owens only partial recovery hoping that the Board will make him whole? These remedy problems are difficult enough when one tribunal has all parties before it; they are impossible if two independent tribunals, with different procedures, *time limitations,* and remedial powers, must

---

1. As of February 13, 1976, M.C.L. 600.5805(7) read, in pertinent part:

 Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

 * * * * *

 (7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

2. M.C.L. 600.5807(8) reads in pertinent part:

 Sec. 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

 * * * * *

 (8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.

participate. *Id.* 386 U.S. at 188 n. 12, 87 S.Ct. at 915. (Emphasis supplied).

[1] We hold that, in an action against an employer and a Union under LMRA, the same statute of limitations ordinarily should apply as to both defendants.[3] *See Vaca v. Sipes, supra; Smart v. Ellis Trucking Co., supra; Butler v. International Brotherhood of Teamsters, Local 823,* 514 F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir. 1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Glowacki v. Motor Wheel Corp., supra.*

■ Appellant contends that his action against Chrysler is for breach of contract, to which only the six year statute of limitations applies. The action against Chrysler asserts a claim for injury to appellant's earning capacity, seeking damages in the form of lost wages and reinstatement. *See Marshall v. Chrysler Corp.,* 378 F.Supp. 94 (E.D.Mich.1974); *Glowacki v. Motor Wheel Corp., supra; Stringer v. Sparrow Hosp.,* 62 Mich.App. 696, 233 N.W.2d 698 (1975).

The controlling rule was stated by the Michigan Court of Appeals in *Glowacki v. Motor Wheel Corp., supra:*

> In summary, we agree with plaintiff that there are two separate claims which comprise plaintiff's complaint. We further agree with plaintiff that in suits for breach of the duty of fair representation the governing period of limitations is the state statute which most directly applies (*International UUAA & AIW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 [1966]) and that the two claims are so intimately related as to require the same period of limitation to apply to both. Strong reasons of public policy exist for applying the same period of limitations to both actions. We disagree that the applicable state statute is six years. 67 Mich.App. at 462, 241 N.W.2d at 248.

3. We decline to follow *DeArroyo v. Sindicato,* 425 F.2d 281 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 121, 27 L.Ed.2d 114, 115

Appellant contends that his discharge was an unjust and inappropriate remedy; that he brought an unloaded pistol into the Chrysler plant after another employee, Charles E. Oxedine, had threatened his life; that Oxedine was the ring leader of a huge auto parts theft ring at the plant and later was indicted for that offense; and that appellant pointed the unloaded pistol at Oxedine in self defense at a time when Oxedine was attempting to kill him.

In view of our disposition of the statute of limitations issue, we do not reach the question of whether appellant's assertion of his use of an unloaded pistol in self defense and the other mitigating facts alleged in the complaint would have constituted a valid defense against his discharge.

The judgment of the district court is affirmed.

(1970), to the extent that it applied different statutes of limitations against the employer and the Union.