**Robert HEADRICK**

v.

**AMERICAN DISTRICT TELEGRAPH CO. d/b/a ADT Security Systems; American District Telegraph Co. (GA) d/b/a ADT Security Systems; and International Guards Union of America, Local 103.**

No. CIV–1–80–11.

United States District Court, E. D. Tennessee, S. D.

June 9, 1980.

On Motion For Reconsideration Oct. 1, 1980.

Richard F. Klingler, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for plaintiff.

Stuart Duncan, Duncan & Secor, P.C., Chattanooga, Tenn., Harvey Harkness, Powell, Goldstein, Frazier & Murphy, Atlanta, Ga., for American Dist. Tel.

Cecil D. Branstetter, Branstetter, Moody & Kilgore, Nashville, Tenn., for International Guards Union of America, Local No. 103.

MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action by an employee union member for alleged breach of the collective bargaining agreement by his employer and the alleged breach of the duty of fair representation by his union. Jurisdiction is invoked pursuant to 29 U.S.C. § 185. The case is presently before the Court upon the union's motion for summary judgment. In support of the motion, the union relies upon its brief, the Affidavit of K. K. Huddleston, a Regional Director for the defendant, International Guards Union of America, and the exhibits attached thereto. In opposition to the motion, the plaintiff relies upon his brief, his affidavit and the exhibits attached thereto.

In ruling upon a motion for summary judgment the Court must consider all facts in the light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962). Summary judgment may be granted only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), F.R.Civ.P.

From the record the following facts appear undisputed. The plaintiff was formerly an employee of ADT Security Systems, a division of American District Telegraph Co. [hereinafter ADT]. The plaintiff and other employees of ADT were represented by the International Guards Union of America, Local No. 103 [hereinafter Union] which maintained a collective bargaining agreement with ADT. Upon March 14, 1978, the plaintiff was discharged from his position with ADT and immediately filed a grievance with the Union (Affidavit of Huddleston; Affidavit of Plaintiff). The plaintiff's grievance was processed to the third step in the collective bargaining contract grievance procedure and on June 22, 1978 the grievance was denied by ADT. (*Id.*)

Under the terms of the collective bargaining agreement between the Union and ADT arbitration of a grievance must be demanded within 60 days from the Company's denial at the third step of the grievance procedure. The 60 days within which the Union could demand arbitration of the plaintiff's grievance ran upon August 22, 1978 (Affidavit of Huddleston).

From the exhibits of the plaintiff, it appears that the Union demanded arbitration of the plaintiff's grievance after the 60 days provided by the collective bargaining contract had run (Ex. J). However, it appears that a question as to the arbitrability of the plaintiff's grievance remained in issue as late as January 24, 1979 (*See* Ex. J & K). Further, the Union represented to the plaintiff that the Company had waived the 60-day time limitation (Affidavit of Plaintiff ¶ 6; *see* Ex. J).

Sometime in February of 1979 all efforts to arbitrate the plaintiff's grievance ended (Affidavit of the Plaintiff ¶ 6). The plaintiff filed this action on January 14, 1980.

The defendant Union contends that the plaintiff's action is barred by the applicable one-year statute of limitations, TCA § 28–304. The plaintiff, upon the other hand, contends that either the three-year statute of limitations provided by TCA § 28–305 or the six-year statute of limitations provided by TCA § 28–309 governs this action. Further, the plaintiff contends that even if the one-year statute of limitations is applicable, there remains a factual dispute as to whether this action was timely filed.

The first issue presented by the defendant's motion is purely a question of law, that is, what statute of limitations governs the plaintiff's cause of action. An action for breach of a Union's duty of fair representation is a statutory cause of action arising under federal law. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, the federal statute under which the union member's cause of action may be brought, 29 U.S.C. § 185, does not provide a limitations period for the cause of action. Therefore, federal courts must apply the appropriate state statute of limitations. *Gray v. International Association of Heat and Frost Insulators and Asbestos Workers, Local No. 51*, 416 F.2d 313 (6th Cir. 1969). Federal law determines how a

plaintiff's cause of action for breach of the duty of fair representation will be characterized for purposes of selecting the appropriate state statute of limitations. However, when a state court has previously characterized the cause of action and upon that characterization has selected a particular statute of limitations as appropriate, a federal court will follow the state court's characterization and apply the statute of limitations considered appropriate by the state court unless to do so would be unreasonable or otherwise inconsistent with national labor policy. *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 217 n. 1 (6th Cir. 1978).

No Tennessee court has considered which Tennessee statute of limitations is appropriate for application to claims for breach of a union's duty of fair representation. Therefore, it is necessary for this Court to make that determination. The three statutes of limitations which the various parties allege are applicable provide in relevant part as follows:

TCA § 28–304.... Actions for ... injuries to the person ... and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

TCA § 28–305.... [C]ivil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability ... shall be commenced within three (3) years from the accruing of the cause of action.

TCA § 28–309.... [A]ctions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued.

■ The defendant contends that an action for breach of a union's duty of fair representation is a tort action and therefore TCA § 28–304 is applicable. The plaintiff contends that his cause of action is either a statutory cause of action governed by TCA § 28–305 or a cause of action predicated upon the collective bargaining contract and therefore governed by TCA § 28–309. In support of their positions, the parties rely upon various cases from other circuits. The Court is of the opinion, however, that this case is governed by *Gray v. International Association of Heat and Frost Insulators and Asbestos Workers, Local No. 51, supra,* wherein the Sixth Circuit held that the appropriate statute of limitations to be applied to a breach of fair representation case is the "limitation on actions based upon liabilities created by statute". *Id.* at 316. While *Gray* involved the application of Kentucky law, the court's holding clearly indicated that the Sixth Circuit characterizes actions for breach of duty of fair representation as actions based upon violation of a federal statute. In light of the Sixth Circuit's characterization, the Court is of the opinion that the appropriate limitations period is the three-year period afforded by TCA § 28–305, which provides in relevant part that:

"[C]ivil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefore ... shall be commenced within three (3) years from the accruing of the cause of action."

The defendant contends, however, that the liability imposed upon a union for breach of its duty of fair representation is a penalty. Therefore, the defendant contends that the plaintiff's action is governed by TCA § 28–304 which states in relevant part that

"Actions ... for statutory penalties shall be commenced within one (1) year after cause of action accrued."

The Court finds this contention without merit. Under Tennessee law, a statute is penal if its purpose is "to punish an offense against the public justice of the state". *Paper Products v. Doggrell,* 195 Tenn. 581, 261 S.W.2d 127 (Tenn.1953). The statute is not penal if it merely affords a remedy to a person injured by the wrongful act of another. *Id.* A union has a statutory duty to fairly represent its members. *Vaca v. Sipes, supra.* Section 185 of 29 U.S.C.,

which confers upon federal courts jurisdiction to hear claims for breach of the duty of fair representation, *see id.*, imposes no penalty upon a union but merely affords the plaintiff a remedy for the wrongful conduct of the union. Therefore, TCA § 28–304 does not apply to the plaintiff's cause of action.

Having determined that the appropriate period of limitation is the three year period provided by TCA § 28–305, the Court is of the opinion that the present action was timely filed. The earliest possible date upon which the plaintiff's cause of action could have accrued is August 22, 1978, the last date when the Union could have demanded arbitration under the collective bargaining agreement. The plaintiff's cause of action having been filed upon January 14, 1980, the case was clearly filed within the three year limitations period.

Accordingly, the Court will deny the defendant Union's motion for summary judgment.

An appropriate order will enter.

## ON MOTION FOR RECONSIDERATION

This is an action in which the plaintiff, a former employee of the defendant ADT, contends that he was discharged by ADT in violation of a collective bargaining agreement and in which he further contends that the defendant Union breached its duty of fair representation. The action was brought pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. The case is presently before the Court upon the following motions: a motion filed on behalf of the defendant Union requesting that the Court reconsider its decision denying that defendant's motion for summary judgment based upon its statute of limitations contention.

In a previous memorandum this Court denied the Union's motion for summary judgment in which the Union contended that the plaintiff's action for breach of fair representation would be barred by TCA § 28–304, the Tennessee one-year personal injury statute of limitations. This Court concluded in its former opinion that the

plaintiff's action against the defendant Union for unfair representation was a federal statutory action and accordingly was governed by TCA § 28–305 providing for a three-year limitation period for the bringing of actions based upon any federal statute. The Union predicates its motion to reconsider upon two recent decisions, one a decision by the Sixth Circuit Court of Appeals in the case of *Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir. 1980) and the other a district court decision from the Western District of Tennessee in the case of *Williams v. Cleo Wrap Corp.*, 93 L.R.R.M. 3211. In the latter case, a factually analogous case, the district court reached the conclusion that an action for unfair representation by a union was in the nature of a tort action and should accordingly be governed by the one-year limitation provided in TCA § 28–304. In reaching this conclusion, the district court declined to apply the three-year statute of limitations as provided in TCA § 28–305, concluding that the latter statute would only be applicable to actions based upon federal statutes which govern wages due for services rendered. This Court respectfully declines to follow the decision of the district court in the *Williams* case, it being the opinion of this Court that TCA § 28–305 is not limited in its scope to actions based upon federal statutes governing wages due, but that the statute extends to all actions based upon "any federal statute . . . creating . . . recovery therefor . . ." The recent Sixth Circuit case of *Gallagher v. Chrysler Corp., supra*, likewise does not, in this Court's opinion, require or suggest any change in this Court's previous decision. The Court in the *Gallagher* case held that in an action by an employee against an employer and a union under the Labor-Management Relations Act the same statute of limitations ordinarily should apply to both defendants. The Court further determined that Michigan's three-year statute of limitations for injury to persons or property, rather than the six-year statute for breach of contract, should be applied. However, it should be pointed out that the choice confronting the court in *Gallagher*

did not include a statute of limitations such as Section 28–305 specifically addressing civil actions arising from the breach of a federal statute. Therefore, this Court concludes that the *Gallagher* case is inapposite to the issues presented and the defendant's motion to reconsider will accordingly be denied.

An appropriate order will enter.