**Leroy NEVILS, Plaintiff,**

v.

**McDOWELL CONTRACTORS, INC., and Local 369, International Union of Operating Engineers, Defendants.**

No. 80–3263.

United States District Court,
M. D. Tennessee,
Nashville Division.

Sept. 11, 1981.

Rebecca Lyford, Nashville, Tenn., for plaintiff.

Jane Stranch, Nashville, Tenn., for defendant Local 369.

Stafford F. McNamee, Jr., Nashville, Tenn., for defendant McDowell.

## MEMORANDUM

WISEMAN, District Judge.

This action was brought by plaintiff, Leroy Nevils, against defendants, McDowell Contractors, Inc., and Local 369, International Union of Operating Engineers, alleging violation of a collective bargaining agreement and breach of the duty of fair representation. Jurisdiction of this Court is invoked under 28 U.S.C. § 1337 and 29 U.S.C. § 185. This matter originally was brought in the Chancery Court of Davidson County, Tennessee, at Nashville and was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The jurisdiction of the Court is not disputed.

Defendants in this suit have moved for summary judgment pursuant to Rule 56,

F.R.Civ.P. Defendants argue in support of their motions that plaintiff's action was not timely filed within the relevant limitations period and that the undisputed facts reveal that neither a breach of the union's duty of fair representation nor a violation of the collective bargaining agreement by the company has occurred. The Court has reviewed defendants' motions and finds this matter to be ripe for summary judgment. No genuine issue exists regarding any material fact in this dispute. The undisputed facts in this matter are set forth below. In accordance with the undisputed facts, this Court makes the following conclusions of law: (1) that plaintiff's action alleges an injury to a property interest and is therefore timely filed within the applicable three-year statute of limitations in T.C.A. § 28–3–105; (2) that defendant Local 369 did not breach its duty of fair representation to plaintiff; and (3) that defendant McDowell Contractors, Inc., did not violate its collective bargaining agreement in laying off plaintiff.

### Facts

From a consideration of the affidavits and depositions on file in this case, the following facts are undisputed:

1. Plaintiff was employed by defendant McDowell Contractors, Inc., from 1972 until December 20, 1978, working first as a garage attendant and later as a Mechanics Helper B. Plaintiff was a member of the bargaining unit represented by defendant Local 369.

2. Defendant McDowell Contractors, Inc., and defendant Local 369 entered into a collective bargaining agreement, effective September 9, 1978, through September 7, 1980. At all times relevant to this dispute this Agreement was the governing contract. The Seniority Provision of the Agreement, Article VI, provided for layoffs by seniority in job classification. It stated:

(A) Seniority shall apply to lay-offs and recalls in the following manner: In case of reduction in force, everything else being equal, the last man hired shall be the first man laid off in his classification provided the remaining employees are qualified to perform the work remaining to be done.

(B) When the force is again increased, the employees shall be called back to work in reverse order in which they were laid off. That is the last man laid off shall be returned to work first, provided he is qualified to perform the work.

Article XII of the Agreement provided for the division and assignment of work among employees. It stated:

Section 1. Employees shall perform any work which supervision may direct with the understanding that when an employee is temporarily assigned to a job with a lesser rate, he will be entitled to his regular rate of pay unless because of a decrease of work such employee has been officially assigned to a lower rated job and desires to retain such job rather than accept a lay-off.

Article VIII of the Agreement set forth the procedure for resolving disputes and grievances. It stated in relevant part:

Section 2. Disputes shall first be taken up between the job steward and his shop foreman.

Section 3. Failing adjustment, the dispute shall then be taken up between the business representative of the Local Union and an official representative of the company.

Section 4. If they fail to reach a settlement within two (2) days it shall be referred to a Board of Arbitration. . . .

3. As a Mechanics Helper B, plaintiff worked primarily in an area known as the "track shop," where he assisted in the rebuilding of treads used to drive pieces of heavy construction equipment. In December 1978, defendant McDowell Contractors, Inc., was preparing to sell much of its heavy construction equipment. As a result, there was no need to have employees continue the maintenance on the equipment that had been performed in the track shop. Instead, to help prepare the equipment for sale, many of the truck shop employees, including plaintiff, were used to remove mud from tracks and rollers. Others helped sand, scrape, and paint the equipment.

4. On December 20, 1978, plaintiff and another employee, Claude Bowling were instructed to work in the paint shop to help prepare equipment for painting. The sanding, scraping, and painting activity was falling behind schedule, while the cleaning work on tracks was nearly completed. Both employees refused to work in the paint shop, however, claiming that working there would cause them headaches and make them sick because of an allergy to paint.

5. Plaintiff's supervisor attempted to persuade plaintiff and Mr. Bowling to work in the paint shop, but both employees again refused. Plaintiff and Mr. Bowling then reported their grievance to the union steward who informed them that the company was entitled to assign this work to them under the collective bargaining agreement. After being informed by the steward that they would be laid off by the company if they did not perform the assigned work, plaintiff and Mr. Bowling still refused to work in the paint shop. Immediately thereafter, both plaintiff and Mr. Bowling were laid off by defendant McDowell Contractors, Inc.

6. Subsequent to the above-described episode plaintiff requested through the union steward that his grievance be pursued further. In accordance with the dispute resolution procedures set forth in the collective bargaining agreement, a meeting was held on January 22, 1979, at which plaintiff, Mr. Bowling, company representatives, and union representatives were present. At this meeting, all parties agreed that plaintiff and Mr. Bowling would return to work and that they would work in the paint shop. It was also agreed that both men would be permitted to leave the area when actual painting was being done.

7. On the evening of January 22, 1979, plaintiff telephoned the union steward and informed him that he would not report for work even under the conditions agreed to earlier that day. Although Mr. Bowling returned to work the next day, plaintiff did not.

8. Plaintiff did not request that his grievance be pursued further by defendant Local 369 after the January 22, 1979 meeting.

9. Plaintiff commenced this action on April 17, 1980.

### Statute of Limitations

■ The threshold issue to be resolved in this case is whether plaintiff's claim is barred by a statute of limitations. The key to resolving this issue is the determination of which of three possibly applicable limiting statutes governs plaintiff's claim. That determination itself depends on two considerations: (1) whether plaintiff's claim should be characterized as an action in tort or an action for breach of contract, and (2) if plaintiff's claim is an action in tort, whether it is an action for injury to his person or his property.

Defendants argue that plaintiff's claim is actually an action in tort alleging injury to plaintiff's person and that the one-year statute of limitations set forth in T.C.A. § 28–3–104 is applicable to plaintiff's suit.[1] Plaintiff argues that his claim is in fact an action for breach of contract and is governed by the six-year limitation in T.C.A. § 28–3–109.[2] Alternatively, plaintiff argues that if his claim is considered by this Court to be an action in tort, the three-year statute of limitations in T.C.A. § 28–3–105 pertaining to property injuries is applica-

---

1. T.C.A. § 28–3–104 provides in relevant part:
   Personal tort actions.—(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

2. T.C.A. § 28–3–109 declares:
   (a) The following actions shall be commenced within six (6) years after the cause of action accrued:
   (3) Actions on contracts not otherwise expressly provided for.

ble.[3] Under defendants' theory, plaintiff's claim would be barred. Under either of plaintiff's theories his claim would be timely.

While some disagreement exists among the Circuits on this issue,[4] this Court rules that plaintiff's claim should be considered an action in tort. The Court makes its ruling on the basis of the Sixth Circuit's decision in *Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir. 1980), which this Court finds controlling. In *Gallagher* a former employee of the Chrysler Corporation sued Chrysler for wrongful discharge and charged his Union with a breach of its duty of fair representation for failing to pursue his grievance to arbitration. The Sixth Circuit declared that although two distinct matters were at issue, the same statute of limitations should apply to both defendants. 613 F.2d at 169. Analyzing Michigan law, the court then ruled that because plaintiff's claim against the corporation actually amounted to "a claim for injury to [his] earning capacity," the three-year limitation on tort actions in Michigan should be applied rather than the six-year limit on breach of contract claims. *Id.* The Sixth Circuit recently reemphasized its conclusion that a tort statute of limitations should apply to suits of this sort in its decision in *Echols v. Chrysler Corp.*, 633 F.2d 722 (6th Cir. 1980). Plaintiff's claim in the instant case is thus to be viewed as an action in tort. Consequently, this Court rejects plaintiff's contention that it should apply the six-year statute of limitations embodied in T.C.A. § 28–3–109 for contract actions.[5]

Resolving this initial issue does not completely answer the question of which statute of limitations to apply. Having characterized plaintiff's action as one in tort, this Court must also determine whether the one-year limit on actions for injuries to the person in T.C.A. § 28–3–104 or the three-year limit on property injury actions in T.C.A. § 28–3–105 should be applied. This issue was not resolved by *Gallagher*, for the tort statute of limitations utilized by the Sixth Circuit in that case applied to *both* personal and property injury actions, and the court did not state how the claims in that case were characterized. *See* 613 F.2d at 168 n.1. The question presented to this Court, then, is whether plaintiff's claim is more akin to an action for an injury to his person or his property. While neither classification is entirely accurate, this Court concludes that plaintiff's claim at its base alleges an injury to a property interest— plaintiff's interest in his job—rather than an injury to plaintiff's person. Thus, the three-year statute of limitations provided in T.C.A. § 28–3–105 applies, and plaintiff's suit is timely.

3. T.C.A. § 28–3–105 states in pertinent part: The following actions shall be commenced within three (3) years from the accruing of the cause of action:
   (1) Actions for injuries to personal or real property.

4. For example, in *DeArroyo v. Sindicato*, 425 F.2d 281 (1970), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970), the First Circuit ruled that a claim against a union for breach of the duty of fair representation should be characterized as an action in tort, while an action against a company for improper discharge was a contract action. The First Circuit held that a different statute of limitations should be applied to each of the plaintiff's claims in *DeArroyo*. The Sixth Circuit, in contrast, has expressly rejected *DeArroyo's* dual limitations holding. *See Gallagher v. Chrysler Corp.*, 613 F.2d 167, 169 n.3 (6th Cir. 1980).

5. Plaintiff in this case seeks to make the argument that the decision of the United States Supreme Court in *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), indicates that plaintiff's claim is a breach of contract action. This Court rejects that argument. *Hoosier* is inapposite to the present dispute. *Hoosier* involved an action by a *union*, not an employee, against a company for an alleged breach of the existing collective bargaining agreement; no claim was brought by any individual employee against either the union or the company. Although the Supreme Court declared that such a suit by a union against a company for damages "resembles" a contract action, it limited its statement to the specific facts in *Hoosier*. As the Court stated, "where other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question." 383 U.S. at 705 n.7, 86 S.Ct. at 1113 n.7, 16 L.Ed.2d at 199 n.7.

The conclusion of this Court is supported by several decisions of the Tennessee courts in which it has been consistently held that an individual has a property interest in his labor. *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758 (Tenn.1977); *Large v. Dick*, 207 Tenn. 664, 343 S.W.2d 693 (1960); *Schwab v. International Ass'n of Bridge Workers, Local 782*, 482 S.W.2d 143 (Tenn.Ct.App. 1972). Moreover, the Supreme Court of the United States has recognized—although under circumstances different from those involved here—than an individual's interest in employment is in reality a property interest. *See, e. g., Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

This Court is aware that another district court has ruled that the one-year statute of limitations in T.C.A. § 28–3–104 for injuries to the person should apply to an action for breach of a union's duty of fair representation in Tennessee. *See Williams v. Cleo Wrap Corp.*, 98 LRRM 3211 (W.D.Tenn. 1978). *Williams*, however, was decided before the Sixth Circuit decision in *Gallagher*. In contrast to the later ruling in *Gallagher*, the court in Williams ruled that two different statutes of limitations should apply in an ex-employee's suit against a company and a union—the one-year tort limit for the claims against the union and the six-year contract limit for the action against the company. The court thus considered the claims against the union and the company separately instead of focusing on their intimate relationship with one another and their overall effect on the plaintiff's interest in his employment. Consequently, this Court does not find the logic of *Williams* persuasive.

In light of the foregoing discussion, this Court holds that the three-year statute of limitations set forth in T.C.A. § 28–3–105 governs plaintiff's claims in this case. Plaintiff's action is thus timely.

### Plaintiff's Claim Against Defendant Local 369

Plaintiff has averred no facts that demonstrate a breach of the duty of fair representation by defendant Local 369. Defendant Local 369 is therefore entitled to judgment as a matter of law.

For a court to find that a union has breached its duty of fair representation, a plaintiff must prove two things: (1) that his claim is meritorious—i. e., that a breach of the collective bargaining agreement has actually occurred—and (2) that the union's conduct in not pursuing his grievance fully was arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). *See also Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975). Plaintiff in this case has failed to show either requirement.

The facts submitted to this Court demonstrate both that plaintiff was not wrongfully discharged by defendant McDowell Contractors, Inc., and that defendant Local 369 acted reasonably and in good faith in handling plaintiff's grievance. Plaintiff was laid off by defendant McDowell Contractors, Inc., only after he refused to perform work that was properly and validly assigned to him under the terms of the collective bargaining agreement then in effect. Moreover, plaintiff's layoff was in accordance with the Seniority Provision of the collective bargaining agreement since the plaintiff was not qualified to do any of the other remaining work to be done. Upon plaintiff's request, the union initiated the grievance procedure outlined in the collective bargaining agreement and arranged the January 22, 1979, meeting. Although plaintiff later decided that he was not satisfied with the agreement that was reached at the meeting and that he would not return to work, he did not request that the union pursue his grievance further. A union is under no absolute duty to pursue a grievance to arbitration, *Vaca v. Sipes, supra*, and it is certainly under no such duty when the employee himself has given no indication that he wishes his claim to be pursued.

This Court thus finds that the defendant Local 369 did not breach its duty of fair representation to the plaintiff. According-

ly, plaintiff's action against defendant Local 369 is dismissed.

### Plaintiff's Claim Against Defendant McDowell Contractors, Inc.

 As indicated in the above discussion, plaintiff has similarly averred no facts that indicate that defendant McDowell Contractors, Inc., violated the terms of the collective bargaining agreement in any respect. Defendant McDowell Contractors, Inc., is therefore also entitled to judgment as a matter of law.

 As with his breach of duty claim against the union, to prevail against the employer plaintiff must prove "not only that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231, 245 (1976). As discussed above, plaintiff has failed to show that either requirement is met in this case. The union's conduct was in no way arbitrary, discriminatory, or in bad faith. Further, plaintiff's lay-off by defendant McDowell Contractors, Inc., was justified and entirely in accordance with the terms of the collective bargaining agreement. The paint shop work was properly assigned to plaintiff, and he was laid off only after he refused to perform this work. Plaintiff's lay-off did not violate the Seniority Provision of the collective bargaining agreement since no other work for which plaintiff was qualified remained to be done.

This Court thus finds that defendant McDowell Contractors, Inc., did not violate the collective bargaining agreement in laying off plaintiff. Accordingly, plaintiff's action against defendant McDowell Contractors, Inc., is dismissed.

For all of the foregoing reasons, defendants' motions for summary judgment are hereby granted and this action dismissed. An appropriate order will enter.