Julus NEWTON, Plaintiff-Appellant,

v.

LOCAL 801 FRIGIDAIRE LOCAL OF the INTERNATIONAL UNION OF ELECTRICAL WORKERS, Defendant-Appellee.

No. 81-3045.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1982.

Decided Aug. 4, 1982.

William L. Havermann, Pickrel, Shaeffer & Ebeling, Kennedy Legler, III, Dayton, Ohio, for plaintiff-appellant.

Richard F. Rice, Kettering, Ohio, for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This action arises out of the discharge of the appellant by his employer, the Frigidaire Division of General Motors Corporation (the Company) on July 26, 1972, and the subsequent prosecution of his resulting grievance by the defendant-appellee, Local 801 of the International Union of Electrical Workers (the Union). The appellant alleges that the Union breached its duty of fair representation under its collective bargaining agreement, and invokes the jurisdiction of the court under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. District Judge Walter Herbert Rice granted the Union's motion for summary judgment, on the ground that the action was barred by the applicable statute of limitations. We affirm.

I

The facts surrounding the discharge of appellant are not in substantial dispute. Appellant was discharged after an incident on July 26, 1972, when a foreman refused to authorize the release of a vacation pay check to the appellant without a tool clear-

ance form for company-owned safety glasses which appellant had checked out from the plant. At the appellant's grievance proceeding, his Union representatives attributed the ensuing argument to the belligerence and hostility of the foreman, whereas the Company maintained that the appellant, was the principal instigator.

The appellant, represented by the Union, protested his discharge through the normal grievance proceedings. A grievance was filed with the Company and denied, as was a subsequent appeal. An additional appeal was taken to the "Umpire Level", apparently the highest level of appeal. The appellant contends that the Company and the Union agreed at this level to reinstate him with backpay, and that they signed a "contract" to this effect by writing "Reinstate—back pay" on a grievance procedure form. The Union, however, then summarily withdrew this appeal on April 24, 1973, on the basis of unrecorded discussions between the Union and the Company. In the present action, appellant seeks to enforce the "contract" he claims was entered into by the parties at the Umpire Level.

This is the second action filed by the appellant arising out of these incidents. Appellant Newton filed the first case on April 10, 1974, before Judge Carl B. Rubin of the Southern District of Ohio; appellant named the Company as a defendant and alleged that the Company had breached his employment contract and the collective bargaining agreement by discharging him. The defendant Company filed a motion for summary judgment, which Judge Rubin granted on April 15, 1975, on the ground that the plaintiff Newton had failed to file a responding memorandum within 20 days of the service of the defendant's motion, as required by Rule 3.5.2 of the Southern District of Ohio. Newton filed a motion for reconsideration on May 9, 1975, which the district court denied on August 11, 1975. The court noted that Newton at no time

filed a memorandum in opposition to the motion of the defendant Company for summary judgment.

An appeal from the decision of Judge Rubin was filed in this court on September 10, 1975. A panel of this court, consisting of Judges Weick, Edwards and Engel, in an order entered March 25, 1976, granted the defendant Company's motion to dismiss the appeal for lack of jurisdiction, on the ground that the motion of plaintiff for reconsideration, which was taken to be a motion under Fed.R.Civ.P. 59(e), was not timely filed, and that, therefore, there was no tolling of the 30 day period to file an appeal from the original judgment.

Represented by different counsel, the appellant filed the present action on May 8, 1979, alleging that the Union breached its contract with the Company to reinstate the appellant, and that the appellant, as the sole third-party beneficiary of the "contract", was entitled to sue for its enforcement.

## II

The district court, 507 F.Supp. 439 found that the appellant's suit was governed by the Ohio six-year statute of limitations for actions based on a liability created by statute, O.R.C. § 2305.07,[1] and the suit by appellant was barred because it was filed more than six years after the withdrawal of his grievance by the Union. The appellant argues that Ohio's 15-year statute of limitations for actions based on written contracts, O.R.C. § 2305.06 should govern and that his suit was timely.

Since Congress has provided no express statute of limitations for suits brought under § 301 of the Labor Management Relations Act, the federal courts must apply the most appropriate state limitation on similar suits. *United Parcel Service v. Mitchell*, 451 U.S. 56, 60, 101 S.Ct. 1559,

---

1. Section 2305.07 of the Ohio Revised Code (Page) provides as follows:

    § 2305.07 Contract not in writing.
    Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

1562, 67 L.Ed.2d 732 (1981); *International Union, United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112, 1113, 16 L.Ed.2d 192 (1966); *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir. 1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979); *Gray v. International Association of Heat and Frost Insulators and Asbestos Workers,* 416 F.2d 313 (6th Cir. 1969).[2]

In cases arising in other States of this Circuit, this court has found that an action by an employee against a Union under § 301 for breach of duty of fair representation sounds in tort rather than in contract. In *Gallagher v. Chrysler Corp.,* 613 F.2d 167, 168 (6th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980), we affirmed the application of the district court of a three year Michigan statute of limitations for "actions to recover damages for injuries to persons and property," rather than a six-year limitation period for breach of contract. In *Gray v. International Association of Heat and Frost Insulators and Asbestos Workers, supra,* 416 F.2d 313, a § 301 action brought against a union on behalf of a deceased employee, we approved the application of a five-year Kentucky statute of limitations for actions based on liabilities created by statute. Other courts agree that § 301 suits brought by an employee against a union for breach of duty of fair representation are governed by tort or statutory liability limitations statutes, where such statutes exist. *See, e.g., Kaylor v. Crown Zellerbach, Inc.,* 643 F.2d 1362, 1369 (9th Cir. 1981); *Sanderson v. Ford Motor Co.,* 483 F.2d 102, 114 (5th Cir. 1973); *De Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 286–87 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970); *Heritage v. Board of Education, DeLaWarr School District,* 447 F.Supp. 1240, 1243 (D.Del.1978); *Canada v. United Parcel Service,* 446 F.Supp. 1048, 1051 (N.D.Ill.1978); *Coleman v. Kroger Co.,* 399 F.Supp. 724, 729 (W.D.Va.1975).

■ In the present case, we conclude that the district court ruled correctly that the most appropriate statute was Ohio's six-year limitations statute for actions based on liabilities created by statute, rather than the 15-year statute for contract actions. The relationship between the appellant and the Union does not arise out of a contract between the two but rather out of the role of the Union under the labor relations statutes as representative of appellant before the employer. The Supreme Court in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), has characterized the role of the Union as one involving a statutory duty:

> It is now well established that, as the exclusive bargaining representative of the employees in [the employee's] bargaining unit, the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining with [the employer] .... and in its enforcement of the resulting collective bargaining agreement .... 386 U.S. at 177, 87 S.Ct. at 909 (citations omitted).

Appellant relies on cases from the Eighth Circuit, in which courts have found that the longer, contract statute of limitations will apply to actions brought under § 301 against *both* the union *and* the employer. *See Warren v. International Brotherhood of Teamsters,* 544 F.2d 334 (8th Cir. 1976); *Butler v. International Brotherhood of Teamsters,* 514 F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975), *disapproved on other grounds, International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 45, 99 S.Ct. 2121, 2124, 60 L.Ed.2d 698 (1979). *Compare Abrams v. Carrier Corp.,* 434 F.2d 1234, 1252–53 (2d Cir. 1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545

---

**2.** In *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir. 1982), this court suggested the application of the six-month *Federal* statute of limitations found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *See* 679 F.2d at 97–100, citing *United Parcel Service, Inc. v. Mitchell, supra,* 451 U.S. at 70–71, 101 S.Ct. at 1568–69 (concurrence of Stewart, J.). Appellant's suit would be barred under either the State statute relied upon in the instant case or the shorter Federal statute.

(1971) (applying contract statute but narrowly limiting holding to particular case, reserving question of applicability of tort limitations statute in subsequent cases). This Circuit has held, however, that a similar suit brought against both the union and the employer was barred under the shorter, tort statute of limitations, despite the fact that the claim against the employer was filed within the period allowed under a longer, contract statute of limitations. *Gallagher v. Chrysler Corp., supra*, 613 F.2d 167. *Accord, Pesola v. Inland Tool & Manufacturing, Inc.*, 423 F.Supp. 30, 33–34 (E.D. Mich.1976). These cases support our decision in the present case to apply O.R.C. § 2305.07 (see n. 1) to a suit brought against the Union alone, even where the appellant complains of a breach of a reinstatement agreement between the Union and the Company.

Our decision is consonant with what the Supreme Court has termed "one of the leading federal policies in this area"—" 'the relatively rapid disposition of labor disputes.' " *United Parcel Service, Inc. v. Mitchell, supra*, 451 U.S. at 63, 101 S.Ct. at 1564, *citing United Auto Workers v. Hoosier Cardinal Corp., supra*, 383 U.S. at 707, 86 S.Ct. at 1114. *Mitchell* involved a § 301 suit brought against both a union and an employer, by an employee who protested his discharge after it had been upheld by an arbitrator. The Court approved the district court's choice of a 90-day limitations statute for actions to vacate arbitrations awards, instead of the Court of Appeals' choice of a six-year contract limitations statute.

The appellant also relies on several cases which apply a contract statute of limitations to a § 301 suit brought by an employee or a union against an employer. These cases do not control in a suit brought by an employee against a union.

The final argument of appellant in support of his contract theory is that he is not suing merely as an employee covered by the collective bargaining agreement, but as the sole third-party beneficiary of the "contract" between the Union and the Company, in which those parties agreed that the appellant would be reinstated. As the third-party beneficiary, appellant argues, he is entitled to sue the promisor for enforcement of the contract. Even assuming that the writing on the grievance form is a contract under Ohio law, this fact would not change the relationship of the parties for purposes of the statute of limitations. The "contract" is not between the appellant and the Union, but between the Union and the Company. Appellant is suing the Union in this case, not the promisor Company. As with the collective bargaining agreement, however, the potential liability of the Union arises out of its status as representative of appellant and thus appellant's suit would lie in tort as an action to enforce the statutory duty of the Union to enforce the contract on behalf of appellant. Appellant again would find his cause of action barred by O.R.C. § 2305.07.

The judgment of the district court is affirmed.