**Woodrow MAUGET, Plaintiff,**

v.

**KAISER ENGINEERS, INC., et al., Defendants.**

**No. C-1-78-768.**

United States District Court, S. D. Ohio, W. D.

Sept. 3, 1982.

Paul H. Tobias, Cincinnati, Ohio, for Mauget.

J. Mack Swigert, Cincinnati, Ohio, for Kaiser Engineers, Inc.

Harold G. Korbee, Cincinnati, Ohio, for Journeyman Pipefitters, Local No. 392.

## OPINION AND ORDER

SPIEGEL, District Judge.

This case, brought pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, is before the Court on the motions for summary judgment filed by defendant Kaiser (doc. 31) and defendant Pipefitters (doc. 29). Plaintiff has filed memoranda *contra* to these original motions (docs. 33, 34) and both defendants filed memoranda in reply (docs. 37, 39). Subsequently, supplements to the summary judgment motions were filed by defendant Kaiser (doc. 48) and defendant Pipefitters (doc. 49). Plaintiff filed a memorandum *contra* (doc. 51) to which both defendants replied (docs. 53, 54). Plaintiff then, with leave of Court, filed an additional memoranda *contra*. Both defendant Kaiser (doc. 55) and defendant Pipefitters (doc. 56) responded in reply.

Plaintiff alleges that in December of 1976 defendant Kaiser terminated his employment at a Moscow, Ohio construction site without just cause and in violation of the applicable collective bargaining agreement. Plaintiff further alleges that the defendant Pipefitters, signatories to the aforementioned collective bargaining contract, failed to fairly represent plaintiff in his attempts to secure reinstatement with defendant Kaiser and, in addition, unfairly refused to refer plaintiff for other employment.

Defendant Kaiser has moved for summary judgment on three grounds. First, that the applicable collective bargaining agreement does not contain a prohibition against discharges without just cause. Second, that the present action, in light of *United Parcel Services v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir. 1982), is barred by the appropriate Ohio statute of limitations. Third, that the statute of frauds bars plaintiff's reliance on implied or oral contractual agreements.

The union believes summary judgment is warranted because no genuine issue of material fact exists regarding the union's good faith in representing plaintiff at all times following the disputed discharge and, alternatively, that the present action is time barred.

Both defendants argue that we should follow the principle of *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1982) and apply the 90 day limitation found in the Ohio arbitration statute, O.R.C. § 2711.13, or the six month limitation contained in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). The defendants correctly note that both the Sixth Circuit and Courts throughout the Southern District of Ohio have applied *Mitchell* to actions arising prior to the date of decision. *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir. 1982); *Hudson v. Teamsters Local 957*, 536 F.Supp. 1138 (S.D.Ohio 1982, Rice, J.); *Taylor v. Spector Freighting System Inc.*, No. C–2–78–1227 (S.D.Ohio Feb. 11, 1982, Kinneary, J.); *Lawson v. Teamsters Local 100*, No. C–1–77–324 (S.D.Ohio Oct. 15, 1981, Hogan, J.); *D'Andrea v. American Postal Workers*, No. C–1–78–520 (S.D.Ohio Aug. 5, 1981, Spiegel, J.). Nevertheless, another Sixth Circuit panel has discussed the limitations issue and did not give *Mitchell* retroactive application. *Newton v. Electrical Workers Local 801*, 684 F.2d 401 (6th Cir. 1982). We must emphasize that in both *Badon* and our decision in *D'Andrea*, the issue of retroactivity was not fully briefed and argued. For that reason, those decisions do not control the disposition of the limitations issue in the instant action. In addition, our careful reading of *Newton* leads us to conclude that the retroactivity of *Mitchell* was similarly not at issue before that particular panel of the Circuit. Each party to the instant action, however, has briefed the issue of *Mitchell's* application in a vigorous and competent fashion. Accordingly, we will now address the issue of *Mitchell's* application consistent with federal law regarding retroactive application of civil rules of decision.

The instances where noncriminal and nonconstitutional decisions are applied prospectively only are extremely rare. The determination of whether to so limit a particular decision's application involves the equitable balancing of several factors. Among these are whether the Supreme Court's decision surprised counsel in that it either overruled well established precedent or decided an issue of first impression which was subject to rational disagreement and the ultimate resolution of which could not be foreseen. *Chevron Oil Co. v. Hudson*, 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) citing *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481, 496, 88 S.Ct. 2224, 2233, 20 L.Ed.2d 1231 (1968); *Allen v. State Board of Education*, 393 U.S. 544, 572, 89 S.Ct. 817, 835, 22 L.Ed.2d 1 (1969). The Court should also consider the policies served by the decision and determine whether non-retroactive application will impede the promotion of those policies. *Chevron Oil*, 404 U.S. at 106–107, 92 S.Ct. at 355–56 citing *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737–38, 14 L.Ed.2d 601 (1965). In addition, the Court should consider whether retroactive application would produce substantial injustice or hardship. *Chevron Oil*, 404 U.S. at 107, 92 S.Ct. at 355–56 citing *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969). Because the determinative process is essentially equitable, we decline to consider these factors in a mechanical fashion. Rather, we must decide whether the weight of these facts tips substantially in favor of prospective application. *But see, Cochran v. Birkell*, 651 F.2d 1219, 1223 n.8 (6th Cir. 1981) *quoting Valencia v. Anderson Brothers Ford*, 617 F.2d 1278, 1289 (7th Cir. 1980) (All three *Chevron Oil* factors must favor prospective-only application).

Plaintiff argues with a great amount of persuasion that the lawsuit was filed nearly two years after plaintiff's discharge in reliance on settled case law in this Circuit. The Sixth Circuit had consistently held that hybrid § 301 actions against employers for breach of contract and unions for breach of the duty of fair representation sound in tort. In accordance with the Supreme Court's decision in *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), that Courts should apply the most analogous state statute of limitation, the Sixth Circuit had applied Michigan's three year statute of limitations for actions involving injury to person or property. *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215 (6th Cir. 1978). In *Gray v. Asbestos Workers Local 51*, 416 F.2d 313 (6th Cir. 1969) the Sixth Circuit found that Kentucky's five year limitations statute for actions based on liabilities created by statute was appropriate. Thus, at the time the present suit was filed, counsel was warranted in believing that the appropriate Ohio statute of limitations was either the six year limitations period for liabilities created by statute contained in O.R.C. § 2305.-07, or the two year period for actions for injuries to person or property contained in O.R.C. § 2305.10. Because application of *Mitchell* would result in dismissal of plaintiff's action, retroactive application would thus unfairly punish plaintiff for his justifiable reliance on settled Sixth Circuit law.

We are aware of at least one other obvious indicia of unfairness that would result from *Mitchell's* retroactive application. Depriving plaintiff of his day in Court, through no foreseeable fault of his own, is inconsistent with the body of federal labor law which sought to protect the rights individual union members won through collective bargaining against arbitrary treatment by statutorily recognized bargaining representatives. The Supreme Court, from *Steele v. Louisville & Nashville R. R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), to *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) has recognized that the best means of protecting these rights is to provide an effective method for their vindication. Should we apply *Mitchell* and dismiss plaintiff's suit, we would push this effective method of vindication beyond plaintiff's grasp.

In addition to considering the inequities caused by retroactive application, *Chevron Oil* counsels that we must identify the poli-

cies underlying the Supreme Court's decision in *Mitchell* and determine whether non-retroactive application would impede the promotion of those policies.

In likening a hybrid § 301 action to an action to vacate an arbitration award, thereby calling for the application of the short statute of limitations governing such actions, the *Mitchell* Court stated that short limitations periods promote the "relatively rapid disposition of labor disputes." 451 U.S. at 63, 101 S.Ct. at 1564 *quoting United Auto Workers v. Hoosier Cardinal*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). As the *Mitchell* Court noted, swift resolution of labor disputes is a fundamental policy of federal labor law. This policy is reflected throughout the text of the NLRA. In § 1 Congress detailed the obstruction and burdens upon commerce caused by labor disputes. In order to lessen the destructive effect of such burdens and obstructions, Congress sought to ensure expedited resolution of labor disputes in § 10(b) by creating a short six month statute of limitations for unfair labor practice charges.

Non-retroactive application of *Mitchell* in the instant action would frustrate this fundamental policy. Rather than eliminate the deleterious effect of a labor dispute by encouraging immediate action to vindicate disputed rights, non-retroactive application would here only permit the underlying controversy to remain at issue.

In addition, the *Mitchell* Court believed that application of short limitations statutes to § 301 actions assists in affording finality to decisions generated by the grievance resolution procedures created through collective bargaining. 451 U.S. at 63, 101 S.Ct. at 1564. The policy favoring private resolution of labor disputes is perhaps the most fundamental in federal labor law. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The

NLRB also prefers private resolution of labor disputes, and despite the extent of its expertise and jurisdiction, has a settled policy of accommodating decisions rendered by private procedures. *Collyer Insulated Wire*, 192 NLRB 837, 77 LRRM 1931 (1971), *Spielberg Manufacturing Co.*, 112 NLRB 1080, 36 LRRM 1152 (1955). Indeed, Congress has made this policy part of the United States Code. 29 U.S.C. § 173(d) provides:

> Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement.

In order to encourage management and labor to utilize bargained-for grievance resolution procedures, decisions from such procedures must be afforded a great degree of finality. Because the ongoing process of private grievance resolution gives content and meaning to the collective bargaining agreement, anything which draws the finality of such decisions into question disrupts the legitimate expectations of the parties and their understanding of the rights and duties created by the agreement. For example, judicial interpretation of a collective bargaining agreement in a § 301 suit filed three years after the private disposition of the grievance in question might so alter the parties' understanding of their rights as to render the last three years of harmonious "industrial self-government" meaningless. 451 U.S. at 64, 101 S.Ct. at 1564–65. For this reason, *Mitchell* requires those persons objecting to the ultimate disposition of a grievance or the fairness of the process itself to do so within a relatively brief time.

■ Non-retroactive application of *Mitchell* in the case at bar would unduly obstruct the policy of affording finality to the private grievance resolution process. Considering the importance of promoting this policy and the policy favoring swift resolution of labor disputes, we cannot state with the requisite degree of conviction that the obvious inequities to plaintiff arising from application of *Mitchell* weigh substantially in favor of prospective-only applica-

tion. Accordingly, we rule that *Mitchell* controls in the present case.

Our review of two recent Sixth Circuit opinions *Newton v. Electrical Workers, Local 801*, 684 F.2d 401 (6th Cir. 1982) and *Badon v. General Motors Corp.*, 679 F.2d 93 (1982) forces us to conclude that plaintiff's claims for wrongful discharge against defendant Kaiser and for unfair representation in connection with the defendant Pipefitter's handling of plaintiff's discharge grievance are time-barred.

In construing *Mitchell*, the *Badon* Court held that in § 301 actions brought in this Circuit, the state statute of limitations pertaining to vacation of arbitration awards is, in most circumstances, appropriate. The arbitration limitations period applies in all situations where the employment decision which is the subject matter of the § 301 suit has become final through the operation of a collectively bargained-for dispute resolution process. 679 F.2d at 98. The *Badon* Court did fashion one exception to the applicability of the arbitration limitations period. When a state, in enacting the arbitration statute, enunciates a clear policy of excluding labor disputes from the state system of vacation of arbitration awards, federal courts must recognize that policy and apply the six month limitation period contained in NLRA § 10(b). 29 U.S.C. § 160(b). 679 F.2d at 99.

We hereby rule that the 90 day limitation period provided for vacation of arbitration awards contained in O.R.C. § 2711.13 applies to the claims against defendant Kaiser and the unfair representation claims against the defendant Pipefitters which concern the handling of plaintiff's grievance. Unlike the Michigan statute before the *Badon* Court, Ohio has not enunciated a clear policy of excluding labor disputes from the vacation of arbitration awards under O.R.C. § 2711.13. Moreover, although the disputed discharge in the present case was not submitted to arbitration, the discharge became final after the union chose not to pursue the grievance through the procedures created by the collective bargaining agreement. As the *Ba-*

*don* Court emphasized, the applicability of the arbitration limitations period depends only on whether the parties have agreed upon a system to settle disputes among themselves. The Court stated:

> It is not arbitration *per se* that federal policy favors, but rather final adjustment of differences by a means selected by the parties.

679 F.2d at 98, quoting *U. M. W. v. Barnes & Tucker Co.*, 561 F.2d 1093, 1096 (3d Cir. 1977).

In holding the 90 day vacation of arbitration awards statute applicable, we are not unaware of the Sixth Circuit's recent opinion in *Newton v. Electrical Workers Local 801*, 684 F.2d 401 (6th Cir. 1982). In *Newton*, the Court held that it was not error for the District Court in 1979 to dismiss a § 301 claim against an employer and union on the basis of Ohio's six year limitations period for liabilities created by statute. We note here, however, that the issues before the *Newton* Court was whether the District Court should have applied a *longer* limitations period. The Court only decided that the District Court, at the time of the decision, did not err in applying a shorter limitations period than that requested by the plaintiff. The Court did not address the question that we decide here today, viz, in light of *Mitchell*, what is the most appropriate Ohio statute of limitations in hybrid § 301 actions.

Our decision to apply O.R.C. § 2711.-13 in the instant action, however, does not mean that plaintiff's entire suit is time-barred. Plaintiff has alleged that the defendant Pipefitters represented plaintiff unfairly in matters unrelated to defendant Kaiser's alleged wrongful discharge. In particular, plaintiff claims that the defendant Pipefitters' refused to refer plaintiff out of the union hiring hall *after* the original discharge decision became final. This claim, which involves only the plaintiff and defendant union, is not subject to the grievance procedure of the collective bargaining contract. This unrelated claim is therefore not governed by the 90 day limitations period of O.R.C. § 2711.13. Because this claim

involves an alleged breach of a duty implied from the union's statutorily authorized status as plaintiff's collective bargaining representative, we believe, consistent with *Newton*, that the action arising out of the defendant Pipefitters' referral practices is governed by the six year limitations period for liabilities created by statute contained in O.R.C. § 2305.07.

Accordingly, the motion of defendant Kaiser for summary judgment is granted. The motion of the defendant Pipefitters for summary judgment is granted in part. The motion is denied as to plaintiff's claims concerning the defendant Pipefitters' referral practices occurring after the discharge became final.

The defendant Pipefitters, however, contend that summary judgment is warranted on the remaining unfair representation claim on an additional ground. The defendant Pipefitters assert that no genuine issue of material fact exists regarding the unions failure to refer plaintiff. In particular, the defendant Pipefitters argue that plaintiff's failure to comply with known procedures made plaintiff ineligible for referral.

Plaintiff, on the other hand, claims full compliance with the hiring hall procedures. In support of this contention, plaintiff points to several passages from his deposition which indicate compliance. The defendant Pipefitters, however, have noted two instances where plaintiff contradicts this testimony. We have reviewed the substance of these passages and are forced to conclude that an issue of fact exists as to whether plaintiff complied with the referral procedures. We reach this conclusion because under Rule 56(c) Fed.R.Civ.P. we must consider the evidence and all the inferences in a light most favorable to plaintiff. *Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155 (6th Cir. 1980). Accordingly, summary judgment on the remaining claim is not appropriate and must be denied.

SO ORDERED.