**Virginia G. ROSE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, FRIGIDAIRE DIVISION, and International Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC, Local 801, Defendants.**

No. C–3–80–389.

United States District Court, S.D. Ohio, W.D.

Jan. 14, 1983.

Michael L. Monta, Dayton, Ohio, for plaintiff.

Richard F. Rice, Kettering, Ohio, Joseph P. Buchanan, Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS TO RE-PORT AND RECOMMENDATION OF THE MAGISTRATE; SAID REPORT ADOPTED IN ITS ENTIRETY; DE-FENDANTS' MOTIONS FOR SUM-MARY JUDGMENT SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF THE DEFENDANTS UPON DEFENDANTS' FILING OF CERTAIN RULE 56 MATERIAL

RICE, District Judge.

This matter is before the Court upon Plaintiff's objections (Doc. # 18) to the Report and Recommended Decision of the

Magistrate (Doc. # 17), which recommended that Defendants' motions for summary judgment be sustained. For the reasons set out below, the Court finds said objections not to be well taken, and adopts the Report and Recommended Decision in its entirety.

## I. THE MAGISTRATE'S REPORT.

Plaintiff originally filed this action in the Montgomery County (Ohio) Court of Common Pleas, alleging that Defendants International Union of Electrical, Radio and Machine Workers, AFL–CIO Local 801 (Union) and General Motors Corporation (GMC) had, respectively, unfairly represented her and breached the collective bargaining agreement between the Union and GMC. The Union removed the case to Federal Court, construing the complaint as setting out causes of action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] The Court referred the case to the United States Magistrate (Doc. # 7), pursuant to 28 U.S.C. § 636(b). Both Defendants filed motions for summary judgment, arguing that Plaintiff's action was barred by the applicable statute of limitations.

The relevant facts gleaned from the record pertaining to said motions were outlined by the Magistrate (Report at 1–3), and can be briefly summarized herein. Plaintiff was employed by Defendant GMC from April 18, 1950, until April 18, 1957, when she was laid off. Pursuant to the collective bargaining agreement in force at the time, Plaintiff had accumulated seven years of seniority during the time she was employed, but would lose same unless she was recalled to work before April 18, 1964. Plaintiff was not recalled until March 31, 1966, and thus lost her seniority rights.

In 1963, Plaintiff filed a grievance under the collective bargaining agreement, charging GMC with violation of her recall rights. The Union processed the grievance to the third level of the grievance procedure, then withdrew same in October of 1963. In April of 1964, Plaintiff filed a charge with the National Labor Relations Board (NLRB), alleging that the Union "caused" GMC to "refuse to recall" her. The NLRB refused to issue a complaint on the charge, by letter dated July 15, 1964. Plaintiff was aware of both of these decisions.

Plaintiff attempted to file further grievances in 1966, 1971, and 1972, claiming improper denial of her seniority status and failure to recall. These grievances were withdrawn and not pursued by the Union. In 1977, Plaintiff filed another grievance on similar grounds, and further claimed that certain past grievances had been withdrawn by the Union "in mutual agreement within the company without the knowledge or voluntary disire (sic) of the grievant." The 1977 grievance was processed to the third level, and then was withdrawn by the Union.

Plaintiff filed the within matter on August 25, 1980. In her complaint, she alleged that she was not recalled, before she lost her seniority rights in 1964, due to contract violations by GMC and unfair representation by the Union. With regard to events after 1964, she also alleged that she "has, since April 18, 1964, on numerous occasions attempted to rectify her unrightful loss of seniority through internal Union procedures such as grievances," which were withdrawn without her knowledge. Complaint, ¶ 8–9.

After the case was referred to the Magistrate, he entertained Defendants' motions for summary judgment (Docs. # 10, 12), which sought judgment on the basis that Plaintiff's claims were barred by the applicable statute of limitations. In a Report dated May 6, 1981, the Magistrate agreed, concluding that the six-year statute of limitations set forth in Ohio Rev.Code § 2305.07 (regarding causes of action brought under a statute) applied, and that, since her cause of action accrued in 1964, her action

---

**1.** Plaintiff did not contest this characterization of her complaint. In answers to interrogatories, she later conceded that she was pursuing this action only under § 301 of the LMRA. Exhibit, at p. 9, nos. 33, 35, attached to Union's Motion for Summary Judgment, Doc. # 10.

was, accordingly, time barred. Report at 9–10.

## II. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT ARE OVERRULED.

Plaintiff filed a timely objection to the Magistrate's Report, pursuant to 28 U.S.C. § 636(b). She advances three principal objections to the Report, essentially contesting the Magistrate's conclusions regarding the applicable law. These objections will be considered seriatim.

### A. *Application of Same Statute of Limitations to Suit Against Both Union and GMC.*

Plaintiff's overall arguments are that her cause of action accrued, at the earliest, in April of 1966, that the 15 year statute of limitations for breach of contracts in writing, Ohio Rev.Code § 2305.06, applies, making her filing in this Court in 1980 timely. However, Plaintiff advances the further argument that even assuming, arguendo, that the statute utilized by the Magistrate, § 2305.07, applies to the Union, it should not apply to the company. Plaintiff reasons that a breach of duty of fair representation by a union is a liability created by a statute (i.e., the National Labor Relations Act), but that a breach of the collective bargaining agreement by GMC should be considered a breach of a written contract. The Plaintiff contends that the longer statute of limitations, § 2305.06, should apply to the latter claim.

However, as both the Magistrate (Report at 3–4) and Defendants observe, the Sixth Circuit resolved this issue in *Gallagher v. Chrysler Corp.,* 613 F.2d 167 (6th Cir. 1980), *cert. denied,* 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980). In that case, the Court squarely held that, in a § 301/duty of fair representation suit, the same statute of limitations should apply to both union and employer defendants, given the "intimate" relationship of the claims against them. 613 F.2d at 169. Plaintiff's argument that *Gallagher* is an "aberration," Plaintiff's Motion to Review, Doc. # 18, p. 2, and should not be followed, is not well taken, particularly given that the Sixth Circuit recently reaffirmed *Gallagher's* holding in *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982), and *Newton v. Electrical Workers Local 801,* 684 F.2d 401, 404 (6th Cir.1982).[2]

At this juncture, it is also appropriate to reject Plaintiff's overall argument, that the 15 year statute of limitations, § 2305.06, applies rather than the six-year statute, § 2305.07. In a decision issued shortly after Plaintiff filed her complaint, this Court held that a § 301 action against a union was based on a liability created by statute (the National Labor Relations Act), and was properly governed by the six-year stat-

---

**2.** Plaintiff also argues that *Gallagher* changed the prevailing rule in the Sixth Circuit, and should not be applied retroactively to her action. This argument is not persuasive. Judicial decisions are typically applied retroactively, unless a party can demonstrate that it would be improper to do so, based on the three-part analysis set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See also, Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982); *J.L. Foti Construction Co. v. OSHA,* 687 F.2d 853, 857 (6th Cir.1982). The first criterion is whether the decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron, supra,* 404 U.S. at 106, 92 S.Ct. at 355. Plaintiff has cited no pre-*Gallagher* cases in the Sixth

Circuit which held that a different statute of limitations applies in a § 301 suit against a union and company, and *Gallagher* itself did not cite any, or purport to "overrule" same. *See,* 613 F.2d at 169. Nor was the decision necessarily of "first impression" in the Sixth Circuit, as the *Gallagher* court cited *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979), as well as several cases from other circuits, in support of the holding. 613 F.2d at 169. Since Plaintiff cannot establish the first *Chevron Oil* criterion, it is unnecessary to examine the other parts of the test. *Cochran v. Birkel,* 651 F.2d 1219, 1223 n. 8 (6th Cir.1981), *cert. denied,* 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *Lamore v. General Motors Corp.,* 550 F.Supp. 1005, 1013 (S.D.Ohio 1982). Thus, the *Gallagher* decision will be applied to Plaintiff's case.

ute of limitations found in § 2305.07. *New-ton v. Electrical Workers Local 801,* 507 F.Supp. 439 (S.D.Ohio 1980). This decision was recently affirmed by the Sixth Circuit. 684 F.2d 401 (6th Cir.1982). While these decisions did not explicitly discuss the proper statute to apply in a § 301 action against the company, it follows from *Gallagher, Badon,* and *Newton* that the same statute (even if shorter than a statute which might otherwise apply against the company alone, *see, Newton, supra,* 684 F.2d at 404), *i.e.,* § 2305.07, also applies against the company. In *Newton,* the Court, reiterating *Gallagher,* held that the *shorter* statute which applied to a suit against a union should also apply to the company Defendant, even if suit was filed within the period allowed by the longer, contract statute of limitations. This result was supported by the federal policy of "the relatively rapid disposition of labor disputes." 684 F.2d at 404 (quoting *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981)). Under *Gallagher* and *Newton,* the shorter, not the longer, statute of limitations should apply to *both* Defendants. Thus, the six-year statute of limitations found in § 2305.07 controls in this action with respect to *both* Defendants.

### B. *Accrual of Cause of Action.*

■ The Magistrate held that the § 301 accrues

> when the Union's act or failure to act which forms the basis for Plaintiff's allegation of unfair representation occurs, ... even though Plaintiff may be entitled to further grievances on the same subject.
>
> \* \* \* \* \* \*
>
> The Union does not owe the employee a continuous obligation which is actionable until remedied.

---

**3.** Other circuits have held that the accrual issue "is a matter of federal rather than state law." *E.g., Santos v. District Council of New York City,* 619 F.2d 963, 968 (2d Cir.1980). The Magistrate did not specifically address the point, and apparently relied on Federal case law. Report at

Report at 6. He further held that the cause of action in the within matter accrued "at the latest," in April of 1964, when Plaintiff initially filed a complaint with the NLRB against the Union, *and* when her seniority rights were extinguished. Report at 7, 10.

In contrast, Plaintiff argues that neither the withdrawn grievance in 1963 nor the NLRB's decision in 1964 can form the basis of a breach of the duty of fair representation. She contends that the action accrued at the earliest in April of 1966, when the Union refused to process a grievance after she was recalled without her seniority. She also contends that case law supports her position. Plaintiff's Motion to Review, Doc. # 18, pp. 3–5.

At the outset, the Court notes that in § 301 actions, state law is borrowed not only to determine the appropriate statute of limitations, but also the date of the accrual of the action. *Echols v. Chrysler Corp.,* 633 F.2d 722, 725–26 (6th Cir.1980).[3] The Ohio Supreme Court recently stated that:

> Ordinarily, a cause of action does not accrue until actual damage occurs; when one's conduct becomes presently injurious, the statute of limitations begins to run.

*Children's Hospital v. Ohio Dept. of Public Welfare,* 69 Ohio St.2d 523, 526, 433 N.E.2d 187, 190 (1982).

Applying this test to the within matter reveals that Plaintiff's cause of action accrued, *at the latest,* some time in 1964 *or* in 1966. For Plaintiff, "actual damage" occurred when, she says, the union failed to properly represent her and when the company breached the collective bargaining agreement. With respect to the union, the damage *began* some time in late 1963, when the union dropped the first grievance. Plaintiff was admittedly aware of the union's alleged failure, particularly given that

---

**6–9.** The Court views this difference to be of no consequence, since the Ohio law regarding accrual of actions in tort and contract cases does not conflict with the "federal" tests for accrual of actions, discussed in text, *infra.*

she filed a charge against the union with the NLRB in April of 1964. The subsequent grievances she filed with the union were cumulative of prior grievances and raised no new substantive issues. With respect to the company, the damages began, at the latest, in March of 1966 when she was recalled without her prior seniority; arguably, it began in 1963 or 1964, when she was claiming (in the grievance and charge with the NLRB) that she should have been recalled under the collective bargaining agreement. A definitive conclusion for either the 1964 or 1966 accrual dates is unnecessary; under either year, Plaintiff's action is time barred when applying the six-year statute in Ohio Rev. Code § 2305.07.

■ The same result obtains when applying the federal case law considered by the Magistrate. *See,* footnote 3, *supra.* The general rule appears to be that a § 301 action accrues no later than the time when a Plaintiff "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred, even if some possibility of nonjudicial enforcement remained." *Santos v. District Council of New York City,* 619 F.2d 963, 969 (2d Cir. 1980). In a case such as the within matter, a breach occurs (and a cause of action thereon accrues) when the grievance is rejected. *Butler v. Teamsters Local 823,* 514 F.2d 442, 448–50 (8th Cir.1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). *See also, Smart v. Ellis Trucking Co., Inc.,* 580 F.2d 215, 219 n. 5 (6th Cir.1978) (citing *Butler* approvingly on this point), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). An accrual date *can* be fixed; the union's

wrong does not continue indefinitely, and a Plaintiff does not possess a perpetual right to sue. *Jenkins v. General Motors Corp.,* 354 F.Supp. 1040, 1047 (D.Del.1973); *Falsetti v. United Mine Workers,* 249 F.Supp. 970, 973 (W.D.Pa.1965), *aff'd,* 355 F.2d 658 (3rd Cir.1966).[4] In a § 301 suit, it is proper to consider that a claim accrues against the company defendant when it accrues against the union, given that a predicate for a § 301 action against an employer is proof that the union breached its duty of fair representation. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981); *Badon v. General Motors Corp.,* 679 F.2d at 97. *See also, Butler v. Teamsters Local 823, supra,* 514 F.2d at 450.

■ Applying these principles again demonstrates that Plaintiff's claims herein accrued in 1964 or, at the latest, in 1966, when she was recalled without seniority. Either date will bar her § 301 suit under the six-year statute of limitations set forth in Ohio Rev.Code § 2305.07.

C. *Effect of Eighth Circuit Decision.*

Finally, Plaintiff argues that the Magistrate misconstrued or misapplied a decision from the Eighth Circuit, *Warren v. International Teamsters,* 544 F.2d 334 (8th Cir. 1976), which, she claims, is controlling in her favor.

*Warren* involved a § 301 suit by a Plaintiff who had filed two grievances, in 1968 and 1971. The Court held that the cause of action did not accrue until the rejection of the second grievance, arguing that while "the contract claims may have been similar to those raised in 1968, the acts forming the alleged breach of the duty of fair repre-

---

4. Plaintiff argues that the action should accrue from the date of the "most recent and thorough grievance," since if "the Union thought that the grievance had already been disposed of at an earlier time, it would simply refuse to process another." Plaintiff's Motion to Review, Doc. # 18, p. 4. She contends that this date is 1977, when the Union processed (and ultimately dropped) another grievance. This theory is unpersuasive; the successive grievances all concerned the same subject. The Union failed to act favorably on any of them; whether these

acts were by processing them or a refusal to process same would seem to be irrelevant. Her action should accrue from the date the Union initially failed to act favorably on a grievance, whether or not there was the possibility that the Union could or would consider a similar or identical grievance at some unspecified time in the future. *See, Santos, supra,* 619 F.2d at 969. *See also, Smart v. Ellis Trucking Co., Inc., supra,* 580 F.2d at 219 (litigants can bring suit before an arbitral decision; a "§ 301 action is 'independent' of the grievance process.").

sentation necessarily differ; those acts did not occur until 1971." 544 F.2d at 337. This result was supported, the Court argued, by the absence of a provision in the collective bargaining agreement which made the 1971 grievance untimely; "so long as the union member may timely file a grievance, he may properly claim that the union has breached its duty of fair representation in handling that grievance." *Id.*

It is apparently true, as Plaintiff points out, that the collective bargaining agreement(s) applicable herein did not contain a provision which would make any of Plaintiff's grievances untimely.[5] However, as the Magistrate correctly observed, Report at 8–9, the *Warren* decision did not identify which "acts" made the 1971 grievance differ from the 1968 grievance. In examining the unpublished opinion of the district court in *Warren*, the Magistrate did find some arguable differences. *Id.* Such differences do not exist herein, since "no new event occurred which was the subject of the 1977 grievance." *Id.* at 9. Thus, the *Warren* decision simply does not conflict with the Magistrate's Recommended Decision.

For all of these reasons, the Court finds Plaintiff's objections to the Magistrate's Report not to be well taken, and overrules same in their entirety.

### III. IMPACT OF MITCHELL DECISION AND ITS PROGENY.

As the Defendant Union briefly mentioned in its reply memorandum, Doc. # 19, pp. 2–3, the Supreme Court decided *United Parcel Service v. Mitchell, supra,* shortly before the Magistrate issued his Report. In *Mitchell,* the Court held that a § 301/unfair representation suit against a company Defendant, which had gone to arbitration, would be governed by the applicable state statute of limitations for vacating arbitration awards, rather than the statute referring to breaches of contract. While the facts and equities will differ in each case, most courts interpreting *Mitchell,* including this Court and others within this Circuit, have held that *Mitchell* can be applied retroactively to cases pending on the date of the decision. *See, e.g., Mauget v. Kaiser Engineers, Inc.,* 546 F.Supp. 486, 488 (S.D.Ohio 1982) (Spiegel, J.) (citing cases); *Hudson v. Teamsters Local 957,* 536 F.Supp. 1138 (S.D.Ohio 1982). Moreover, the Sixth Circuit recently held that the *Mitchell* holding is not limited to suits involving arbitration decisions, but applies "where an employer's decision has become final through the operation of the collectively bargained-for private system of dispute resolution." *Badon v. General Motors Corp., supra,* 679 F.2d at 98. In *Badon,* the Union had not fully appealed the Plaintiff's grievance, and the failure to appeal made the defendant company's decision final and binding. *Id.* at 95, 98. *See also, Lamore v. General Motors Corp.,* 550 F.Supp. 1005 (S.D.Ohio 1982); *Ward v. Alside, Inc.,* 550 F.Supp. 1074 (S.D.Ohio 1982) (Aldrich, J.) (applying *Badon* where plaintiff failed to file timely grievances).

Arguably, the *Mitchell* and *Badon* decisions provide an independent basis for upholding the Magistrate's Report and Recommended Decision. In Ohio, suit must be brought within ninety (90) days to vacate

---

5. Unfortunately, no verified copies of the collective bargaining agreement, between the Defendants, which might be applicable to this case are in the record. In support of their motions, Defendants rely on the complaint, answers thereto, and Plaintiff's answers to interrogatories. In their memorandum, they do not *explicitly* rely on or refer to any provisions of the collective bargaining agreement. Plaintiff submitted several unverified pages from the agreement in force between 1976 and 1979. Doc. # 13, Exs. B–H. Some language in that agreement provides, *inter alia,* that an unappealed grievance "automatically [becomes] closed" and "shall not be subject to further appeal." Ex. B, p. 28. No time limits for filing grievances are set out.

Presumably, the collective bargaining agreements prior to 1976 contained similar or identical language. While the parties do not contest the language of the agreements, the Court deems it appropriate to direct Defendants to file verified copies of the collective bargaining agreements (or relevant pages thereof) at issue in this case, in order to compile a complete record for purposes of Fed.R.Civ.P. 56. Judgment will be entered once said material is properly filed with the Court.

an arbitration award. Ohio Rev.Code § 2711.13. When Plaintiff's various grievances herein were not further appealed by the Union, they became final pursuant to the terms of the collective bargaining agreement. *Cf.* footnote 5, *supra.* Applying the ninety day statute herein would, of course, make her action untimely under any circumstances, even considering the accrual date as of the time of the 1977 grievance.[6]

On November 29, 1982, the Supreme Court agreed to review two cases which raise issues relevant to the within matter and to the *Mitchell* line of cases. *See, Flowers v. Local 2602 of United Steel Workers of America,* 671 F.2d 87 (2d Cir. 1982), *cert. granted,* — U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982). Those issues are:

(1) Whether the Court's decision in *United Parcel Service v. Mitchell, supra,* should be applied retroactively;

(2) In a hybrid § 301/breach-of-duty of fair representation action, should the *same* statute of limitation apply to determine the timeliness of a claim against a union and an employer?; and

(3) Should a state limitations statute, or the six-month statute contained in § 10(b) of the NLRA determine the timeliness of a suit alleging that a union has breached its duty of fair representation?

*See,* 51 U.S.L.W. 3403–3404.

Resolution of the first issue by the Supreme Court would determine whether this Court's alternative ground for upholding the Magistrate is a correct one. Putting *Mitchell* aside, it also appears that resolution of the second issue will determine if the Sixth Circuit's *Gallagher* decision, recently reaffirmed in *Badon* and *Newton,* is correct. Both the Magistrate and this Court relied on *Gallagher.* However, the

Court declines to wait until the Supreme Court issues its rulings, given the controlling authority in the Sixth Circuit. The Court also notes that even if the Supreme Court decides that a different statute of limitation should apply to a § 301 action against an employer, and that such a decision should be applied retroactively, Plaintiff's action would still be time barred. Assuming, arguendo, that the 15-year rule found in Ohio Rev.Code § 2305.06 would apply to Plaintiff's action against GMC, her complaint was filed some *16* years after 1964. As outlined above, it can be persuasively argued, as a matter of law, in this case that the cause of action accrued as early as April of 1964, not some time in 1966. Indeed, the Magistrate expressly so held. For these reasons, the Court finds it unnecessary to delay resolution of this matter until the Supreme Court issues its rulings.

## IV. CONCLUSION.

For the aforementioned reasons, the Court finds Plaintiff's objections to the Report and Recommended Decision of the Magistrate not to be well taken, and overrules same. Said Report is hereby adopted in its entirety.

Having found, as did the Magistrate, no genuine issues of material fact remaining in this case, Fed.R.Civ.P. 56(c), the Court must, and will, sustain Defendants' motion for summary judgment.

Judgment will be entered in favor of the Defendants once they file certain Rule 56 materials with this Court. *See,* footnote 5, *supra.* Said materials should be filed within ten (10) days after receipt of this entry.

---

6. This Court has already observed the apparent conflict between the reasoning in (though not the holding of) *Badon* and *Newton. Lamore v. General Motors Corp., supra,* 550 F.Supp. at 1011. Judge S. Arthur Spiegel recently suggested that the differences in the decisions may be

simply due to the parties therein having raised different issues of law. *Mauget v. Kaiser Engineers, Inc., supra,* 546 F.Supp. at 488, 491. In any event, as outlined in the text, Plaintiff's action is time barred whether the analysis outlined in *Badon* or in *Newton* is followed.