**Angelo Anthony D'ANDREA, Plaintiff-Appellant,**

v.

**AMERICAN POSTAL WORKERS UNION, CINCINNATI LOCAL; American Postal Workers Union AFL–CIO; United States Postal Service; United States of America, Defendants-Appellees.**

No. 81–3548.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 21, 1982.

Decided Feb. 24, 1983.

Rodger N. Walk, James Rimedio, Cincinnati, Ohio, for plaintiff-appellant.

---

Gary Moore Eby, Robert J. Welch, Elizabeth Gere Whitaker, Asst. U.S. Attys., Cincinnati, Ohio, for defendants-appellees.

Before LIVELY and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

This is a case involving an employee's action against his former employer and his union under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1] The issue before us is whether it was proper for the district court to dismiss appellant D'Andrea's § 301 action against the employer and union on the ground that the claim was time barred in light of the Supreme Court's holding in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). We affirm the dismissals.

I

The facts pertinent to this appeal are not disputed. Angelo Anthony D'Andrea (D'Andrea) was employed by the United States Postal Service and represented by the American Postal Workers Union, AFL–CIO, Cincinnati Local. On July 2, 1972, during the course of his employment, he was observed stealing a man's diamond ring, a woman's opal ring and three coins from the mail. He was arrested, and on July 17, 1972, given a Notice of Discharge by the Postal Service effective August 18, 1972.

On October 17, 1972, D'Andrea was indicted by a federal grand jury for violating 18 U.S.C. § 1709, theft from the mails. He entered a plea of not guilty by reason of insanity, contending that he was physically attacked by his former wife which caused him to completely lose his ability to reason. The trial court dismissed the indictment on April 9, 1973, after finding that D'Andrea was suffering from a mental illness.

In November, 1973, D'Andrea sought reinstatement based upon the dismissal of the indictment and his recovery from the loss of reason. The Postal Service responded in February, 1974, that reinstatement could not be discussed because D'Andrea had not complied with the grievance provisions of the collective bargaining agreement negotiated by the union. The Postal Service rejected D'Andrea's claim that his prior mental state exempted him from the requirement that a timely grievance be filed. The collective bargaining agreement in effect at D'Andrea's dismissal allowed an employee five days to file an objection to the termination after the Notice of Termination was received. The Postal Service referred D'Andrea to his union.

On January 15, 1975, the union filed a grievance on D'Andrea's behalf. The Postal Service denied the grievance on the ground that it was not filed timely under the collective bargaining agreement. The union claimed that D'Andrea's past mental condition precluded him ·from complying with the bargaining agreement filing deadline. Since the Postal Service and union could not agree, the matter was referred to binding arbitration.

On July 24, 1975, the arbitrator held a full hearing, and on August 7, 1975, he decided in favor of the Postal Service, holding that D'Andrea had not filed the grievance within the time permitted. Moreover, the arbitrator found that D'Andrea had orally protested about the discharge prior to its effective date, and such protest was a "first step grievance" from which no written appeal was taken. Therefore, the arbitrator concluded that this was not a case where a right was "not exercised because of incompetency but a case where a right had been exercised prior to determination of competency" and then not pursued to an appeal.

1. § 185. **Suits by and against labor organizations**

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

More than three years later, on August 16, 1978, D'Andrea filed this § 301 suit in the United States District Court alleging that the Postal Service discharged him in violation of the collective bargaining agreement and that the union breached its duty of fair representation. In May, 1979, the Postal Service and union filed motions for summary judgment alleging that the action was time barred under Ohio's four year statute of limitations for tort. OHIO REVISED CODE § 2305.09. These motions were denied. Thereafter, in May, 1981, the Postal Service and union filed motions to dismiss the complaint based upon *United Parcel Service v. Mitchell, supra.* These motions were granted, and this appeal ensued.

## II

In *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court stated that "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* at 704–705, 86 S.Ct. at 1112–1113. There remained some question, however, of what was the "appropriate" state limitations statute. Then, in *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that where a discharged employee, in the face of an adverse arbitration award, brings a § 301 suit against his employer for breaching the collective bargaining agreement and against his union for breaching its duty of fair representation, the action should be characterized as one to vacate an arbitration award. *Id.* at 62, 101 S.Ct. at 1563.

The district court dismissed D'Andrea's action after *UPS v. Mitchell* was decided by applying § 2711.13, OHIO REVISED CODE, which provides a three month period within which a motion to vacate an arbitration award must be filed.[2] As noted above, D'Andrea waited three years after the arbitration decision to commence this § 301 action.

D'Andrea argues that in a recently decided case quite analogous to his, *Newton v. Local 801 Frigidaire Local of the International Union of Electrical Workers,* 684 F.2d 401 (6th Cir.1982), a panel of this court decided to apply Ohio's six year statute of limitations for actions based on a liability created by statute, OHIO REVISED CODE § 2305.07.[3] In *Newton,* the appellant was dismissed after an incident with a foreman over the release of a vacation pay check to appellant. The union, representing appellant at his grievance proceeding, claimed the foreman was at fault for the incident, while the company claimed appellant was the principal instigator. The company denied both the grievance and subsequent appeal. A final appeal was taken to the "Umpire Level" where the company and union apparently negotiated an agreement to reinstate appellant. A "contract" was signed to effectuate this agreement when both the company and union wrote "Reinstate—back pay" on a grievance procedure form. The Union then decided, however, not to perfect the agreement by completing the appeal at the "Umpire Level." The appellant sued to enforce the "contract" which he claimed the union and company had entered into.

**2. § 2711.13 [Motion to vacate, modify, or correct an award; service.]**
After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the

motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

**3. § 2305.07 Contract not in writing.**
Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.

Newton argued that Ohio's fifteen year statute of limitations for actions based on written contracts, OHIO REVISED CODE § 2305.06, should apply. The district court decided, however, that the six year statute of limitations in OHIO REVISED CODE § 2305.07 for actions based on a liability created by statute applied. This court affirmed, holding that the six year limitations statute was more appropriate than the fifteen year statute. 684 F.2d at 403. Significantly, in *Newton,* this court, although recognizing the importance of *UPS v. Mitchell, supra,* did not rely upon Ohio's three month statute of limitations for actions to vacate an arbitration award because this statute was not brought to the court's attention. In deciding between the six and fifteen year limitations periods, the court found that the six year limitations period was more consonant with the Supreme Court's discussion in *UPS v. Mitchell,* 451 U.S. at 63, 101 S.Ct. at 1564, of promoting "the relatively rapid disposition of labor disputes." *Newton v. Local 801,* 684 F.2d at 404. Thus, *Newton v. Local 801* is consistent with *UPS v. Mitchell* in that the court applied the shortest statute of limitations available to it.

In another similar case recently before a panel of this court, *Badon v. General Motors Corporation,* 679 F.2d 93 (6th Cir.1982), it was held that "where an employer's decision has become final through the operation of the collectively bargained-for private system of dispute resolution, the rule of *Mitchell* applies and the state statute of limitations pertaining to the vacation of arbitration awards will be utilized in subsequent federal court proceedings." *Id.* at 98. Additionally, the *Badon* court held that the same statute of limitations is to be applied to the separate § 301 claims against the company and the union. *Id.* The court then analyzed the statute of limitations periods in Michigan where the dispute arose, and since there was no Michigan statute or common law rule providing a limitations period for motions to vacate an arbitration decision, the court applied the six month period found in section 10(b) of the National Labor Relations Act, 29 U.S.C.

§ 160(b), because "the policy behind that time period applies with equal force when similar charges are brought to a federal court under section 301 of the L.M.R.A." *Badon v. General Motors Corp.,* 679 F.2d at 99.

Finally, in *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250 (6th Cir.1982), this court held that *Mitchell* should be applied retroactively to a case, such as this, pending at the time *Mitchell* was decided, and further held that the Ohio three-month statute of limitations applicable to actions to set aside arbitration awards should be applied to actions such as that before us.

The judgment of the district court is therefore AFFIRMED.